# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| JERMOL CHIN, # 42743-037, | * | Civil Action No. WDQ-11-947 |
| Petitioner, | * | Criminal Action No. WDQ-06-552 |
| v. | * | |
| UNITED STATES, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Jermol Chin's pro se "Motion Pursuant to Federal Rule 60(b) (6)." ECF No. 63. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the motion, construed under 28 U.S.C. § 2255, will be dismissed without prejudice for lack of jurisdiction.

I.  Background

On June 14, 2007, Chin pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months imprisonment under the Armed Career Criminal Act. His conviction and sentence were affirmed on appeal. *United States v. Chin*, CA4 07-5146 (March 9, 2009). On August 31, 2009, Chin filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On January 6, 2010, this Court denied that motion. *Chin v. United States*, Civil Action No. WDQ-09-2137 (D. Md. January 6, 2010). Chin appealed the decision to the Fourth Circuit. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Chin*, No. 10-6117 (4th Cir. June 25, 2010).

On July 21, 2010, Chin filed a "Motion Pursuant to Federal Rule 60(b) (3) and (6), which this Court construed under 28 U.S.C. §2255, and dismissed for lack of jurisdiction. *Chin v.*

*United States*, Civil Action No. WDQ-10-2093 (D. Md. October 18, 2010). When Chin appealed that decision, the Fourth Circuit again denied him a certificate of appealability and dismissed the appeal. *United States v. Chin*, No. 10-7533 (4th Cir. January 28, 2011).

Chin now requests relief under Fed. R. Civ. P. 60(b) (6), contending that the integrity of the Court was compromised when he was promised that he would not receive an "illegal sentence." Pet.'s Mot. 3. He argues that his sentence was illegal because "police violated [his] rights." *Id.* at 13.[1]

II. Analysis

A. The Motion is Properly Construed Under 28 U.S.C. § 2255

The nature of a pro se motion is determined by its subject matter and not the caption assigned by the petitioner. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A court may recharacterize a pro se motion "to create better correspondence between the substance of the . . . motion's claim and its underlying legal basis." *See Castro v. United States*, 540 U.S. 375, 381 (2003).

A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Generally, a motion directly attacking the prisoner's conviction or sentence is construed as a successive § 2255 motion, and a motion seeking to remedy a defect in the collateral review process is likely a motion to reconsider. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

---

[1] Chin contends that this Court failed to address this issue in his earlier filings. Pet.'s Mot. 13. In the January 6, 2010 memorandum opinion denying Chin's first § 2255 motion, the Court explained that "Chin's guilty plea foreclose[d] his two Fourth Amendment claims." *Chin v. United States*, Civil Action No. WDQ-09-2137 (D. Md. January 6, 2010).

2

Although Chin captioned his pleading as a Rule 60(b) motion, and specified that it is not a successive §2255 motion, the motion challenges the validity of his sentence, not his §2255 proceeding. Accordingly, the motion is properly considered under 28 U.S.C. §2255. *See id.*

B. Pre-filing Authorization

This is Chin's third § 2255 motion. A successive §2255 petition may not be filed without pre-filing authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b) (3) (A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). A petitioner may not avoid this procedural requirement by the labeling of his successive § 2255 motion, and "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing . . . repetitive claims." *Winestock*, 340 F. 3d at 205. Because Chin has provided no evidence of pre-filing authorization, this court lacks jurisdiction. His motion will be dismissed without prejudice.

C. Certificate of Appealability

Chin has failed to demonstrate that the dispositive procedural ruling or the constitutional claims are debatable, as required to support the issuance of a certificate of appealability ("COA"). *See Miller-El v. Cockrell*, 537 U.S. 322, 336(2003); *Slack v. McDaniel*, 529 U.S. 473, 484(2000). Accordingly, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Chin's § 2255 motion will be dismissed without prejudice for lack of jurisdiction.

4/27/11
Date

William D. Quarles, Jr.
United States District Judge

3